Office of the United States Trustee
1100 Commerce Street
Room 976
Dallas, Texas 75242

Elizabeth Ziegler Young,
for the United States Trustee
elizabeth.a.young@usdoj.gov

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| Tophill, LLC et al.[1], | § § | Case no. 24-32699-SGJ-11 |
| Debtors-in-Possession. | § § | Hearing: To be set |
| 2206 Blue Cypress, LLC[2] | § § § | Case No. 24-33553 |
| 3304 Blue Bell Place, LLC | § § § | Case No. 24-33554 |
| Fiddlers Green, LLC | § § § | Case No. 24-33556 |
| 2508 Crawford, LLC | § § | Case No. 24-33931 |
| 685 Winding Ridge, LLC | § § § | Case No. 25-30090 |

### United States Trustee's Motion to Dismiss under 11 U.S.C. § 1112(b) with Prejudice to Refiling for 180 Days

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tophill, LLC - 5967 Prosper Assisting Living, LP - 6758 1100 Reba McEntire, LLC - 2718 Forest Bend, LLC - 3517 3400 Remington Drive, LLC - 9109 261 Oak Hill, LLC - 2870 304 Willow Creek, LLC - 9033 9th Street GP, LLC - 1548 Carriage Estates, LLC - 1267 Chalfont, LLC - 2442 Graystone Drive, LLC - 3628 High Point Circle, LLC - 0454 Southlake Assisted Living, LP - 0506 Waverly Lane, LLC – 6581; The Debtors' Motion for Joint Administration for these additional cases is pending: 2206 Blue Cypress, LLC- 1366 3304 Blue Bell Place, LLC – 6592 Fiddlers Green, LLC – 6031 Kendallwood Drive, LLC – 8938 2508 Crawford, LLC – 6990 Hurstview Drive – 4774 685 Winding Ridge, LLC - 6771

[2] Although the Motion for Joint Administration is pending for these affiliated cases, no order has been entered to date in these cases so this motion is filed separately in each case.

Page 1 of 9

TO THE HONORABLE STACEY G. JERNIGAN
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss these cases with prejudice to refiling for 180 days under 11 U.S.C. § 1112(b). The United States Trustee would show:

**Summary**

Cause exists to dismiss these cases because the Debtors' insurance policies have lapsed on substantially all the assets of the estates, which consist of numerous pieces of real property on which non-debtor affiliates operate skilled nursing facilities. The Debtors have failed to comply with other administrative requirements, including filing operating reports and owe $8,511.48 in statutory quarterly fees. Cause exists to dismiss these cases.

**Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference. A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A),(O).

**Factual and Procedural History**

1. Tophill, LLC and its various affiliated cases filed voluntary chapter 11 bankruptcy petitions, on September 1, 2024, September 30, 2024, November 4, 2024, December 2, 2024, and January 7, 2025, to prevent foreclosure of real property assets. [docket no. 1]

2. The Debtors' Petitions are signed by Dan Blackburn, as President. [docket no. 1]

3. Each of the Debtors' chief assets are real property on which non-Debtor affiliates operate skilled nursing facilities.

4. These non-Debtor affiliates are also owned and operated by Dan Blackburn and operate under the names Silver Leaf Assisted Living, LP or Lake Point Assisted Living, LLC.

5. None of the Debtors have any operations other than owning real property.

6. On November 8, 2024, the Court entered an Order jointly administering Tophill, LLC with the following cases:

    a) Prosper Assisted Living, LP, case no. 24-32700;

    b) 1100 Reba McEntire, LLC, case no. 24-32701;

    c) Forest Bend, LLC, case no. 24-32702;

    d) 3400 Remington Drive, LLC, case no. 24-32703;

    e) 261 Oak Hill, LLC, case no. 24-33031;

    f) 304 Willow Creek, LLC, case no. 24-33032;

    g) 9th Street, GP, LLC, case no. 24-33033;

    h) Carriage Estates, LLC, case no. 24-33034;

    i) Chalfont, LLC, case no. 24-33035;

    j) Graystone Drive, LLC, case no. 24-33036;

    k) High Point Circle, LLC, case no. 24-33037;

    l) Southlake Assisted Living, LP, case no. 24-33038; and

    m) Waverly Lane, LLC, case no. 24-33039.

[docket no. 36]

7. On January 10, 2025, the Debtors filed an *Amended Motion of the Debtors for Entry of An Order Directing Joint Administration of Their Chapter 11 Cases* ("Second Motion for Joint Administration") seeking to jointly administer the following additional cases:

    a) 2206 Blue Cypress, LLC, case no. 24-33553;

    b) 3304 Blue Bell Place, LLC, case no. 24-33554;

    c) Fiddlers Green, LLC, case no. 24-33556;

  d)  Kendallwood Drive, LLC, case no. 24-33557;

  e)  2508 Crawford, LLC, case no. 24-33931;

  f)  Hurstview Drive, LLC, case no. 24-33933;

  g)  685 Winding Ridge, LLC, case no. 25-30090.

[docket no. 42]

8. To date, no hearing has been set on the Second Motion for Joint Administration.

**Debtors do not maintain insurance on their assets**

9. The Debtors attended the initial debtor interview on September 24, 2024.

10. Dan Blackburn, on behalf of the Debtors, signed a copy of the *Obligations of Chapter 11 Cases Acknowledgement of Receipt*.

11. The *Guidelines for Chapter 11 Cases* provides for the following:

> 5. As outlined in Section VII, I will add the U.S. Trustee as a notified party on my insurance policies, maintain appropriate insurance coverage, and provide the U.S. Trustee's office with updated declaration pages when policies are renewed.

12. The Debtors initially provided proof of insurance on all the various pieces of real property, but those policies expired on January 1, 2025.

13. The Debtors have failed to provide any proof of current insurance.

14. In addition, none of the Debtors have filed any monthly operating reports in their cases. Although the Debtors have varying petition dates, the Debtors owe reports for September, October, November and December 2024.

15. The Debtors owe a total of $8,511.48 in statutory quarterly fees through the 4th quarter of 2024. As no operating reports have been filed in any case, additional fees may be owed.

## Legal Analysis

<u>General discussion of burdens when dismissal is sought</u>

16. Under section 1112(b), the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. §1112(b)(1).

Failure to Maintain Adequate Insurance

17. Cause exists for dismissal when a debtor fails "to maintain appropriate insurance that poses a risk either to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C). The Supreme Court has held that the estate may be liable for any damages resulting from a receiver's negligence. *Reading Co. v. Brown,* 391 U.S. 471, 481 (1968). While *Reading Co. v. Brown* was decided under the old Bankruptcy Act, the Fifth Circuit has more recently cited to this case to support the principle that the estate may be liable for administrative costs incurred through a trustee's failure to act. *See, e.g., Texas v. Lowe (In re HLS Energy Co.)*, 151 F.3d 434 (5th Cir. 1998)(bankruptcy estate liable for costs state incurred when trustee did not plug wells).

18. Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

Local Bankruptcy Rule 2020-1.

19. The United States Trustee's *Guidelines for Chapter 11 Cases Northern & Eastern Districts of Texas Region VI* ("*Guidelines*")[3] requires debtors to maintain appropriate insurance. *Guidelines § VII.*

20. The Debtors no longer maintain property or general liability insurance on their real property assets, which house various skilled nursing facilities. This failure to maintain insurance

---

[3] The *Guidelines* may be accessed at www.justice.gov/ust/r06/docs/general/idi/**Chapter11_Guidelines**.pdf.

is especially concerning given that the Debtors have long term care residents on their property. Independent of the responsibility of the tenants of the Debtors' real property assets, the Debtors face exposure from liabilities that could arise due to personal injury, damage, theft or vandalism on any of these properties, will subject the estates to potentially significant risk and losses. Cause exists for dismissal.

Failure to Cooperate with the United States Trustee

21. Cause exists for dismissal when a debtor fails to satisfy timely any reporting requirements or fails to provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F), (H).

22. The Debtors have failed to file monthly operating reports for September, October, November and December 2024, and have failed to pay quarterly fees in the estimated amount of $8,511.48, as required. Once the past due operating reports are filed, additional fees may be owed. These delinquencies constitute cause for dismissal or conversion of this bankruptcy case under 11 U.S.C. § 1112(b)(4)(H). *See also* Local Bankr. R. 2010-1 ("[f]ailure to comply with the requirements of [UST] guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b)"). Cause exists to dismiss these cases.

No reasonable likelihood of reorganization

23. The Court may dismiss a cause for "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of reorganization." 11 U.S.C. § 1112(b)(b)(4)(A). There appears to be no reasonable likelihood of reorganization in these cases. The Debtors' properties are uninsured and the Debtors have failed to comply with numerous administrative requirements. It does not appear the non-debtor affiliates are paying any rent, so there is no income

stream which can be used to fund a plan. Furthermore, the Debtors continue to incur administration costs such as attorney's and United States Trustee's quarterly fees. Given these facts, there is no likelihood of reorganization and cause exists to dismiss these cases.

<u>Conversion not in best interests of creditors and the estates</u>

24. Given that the Debtors' properties are uninsured and represent a potential liability to the estates, conversion to chapter 7 would not be in the best interests of creditors or the estates.

<u>Dismissal with Prejudice is Appropriate</u>

25. The Debtors' cases should be dismissed with prejudice to refiling for 180 days due to the substantial non-compliance with their administrative requirements. The Debtors have abused the bankruptcy process, and therefore, there is cause to dismiss the case under §§ 707(a) and 349(a) with prejudice to filing of any bankruptcy case for a period of not less than 180 days.

## Conclusion

Wherefore, the United States Trustee respectfully requests that the Court dismiss these cases with prejudice to refiling for 180 days. The United States Trustee further requests any further proper relief.

DATED: January 23, 2025

Respectfully submitted,

LISA L. LAMBERT
UNITED STATES TRUSTEE

<u>/s/ Elizabeth Ziegler Young</u>
Elizabeth Ziegler Young
Trial Attorney
Texas State Bar No. 24086345 (Also by New York)
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967 x 1247
elizabeth.a.young@usdoj.gov

CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1 no conference is required before the filing of this Motion.

/s/ Elizabeth Ziegler Young
Elizabeth Ziegler Young

CERTIFICATE OF SERVICE

I certify that I sent copy of the foregoing document via ECF on January 23, 2025, or via first class United States mail on January 24, 2025, to the following:

/s/ Elizabeth Ziegler Young
Elizabeth Ziegler Young

**Tophill, LLC**
P.O. Box 191088
Dallas, TX 75219

**Robert W. Buchholz**
The Law Office of Robert W. Buchholz, PC
5220 Spring Valley Road, Suite 618
Dallas, TX 75254

**Todd Alan Hoodenpyle**
Singer & Levick, P.C.
16200 Addison Rd., Ste. 140
Addison, TX 75001

**Larry Alan Levick**
Singer & Levick, P.C.
16200 Addison Rd., Suite 140
Addison, TX 75001

**Blake Rasner**
Haley & Olson, P.C.
100 Ritchie Road, Suite 200
Waco, TX 76712

**Daniel J. Ferretti**
Baker Donelson Bearman Caldwell, et al
1301 McKinney Street, Suite 3700
Houston, TX 77010

**John Kendrick Turner**
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Avenue
Suite 800
Dallas, TX 75219

**Elizabeth Banda Calvo**
Perdue Brandon Fielder Collins Mott
500 E. Border St.
Ste 640
Arlington, TX 76010

**Julie Anne Parsons**
McCreary Veselka Bragg & Allen PC
PO Box 1269
Round Rock, TX 78680

**Jason M Medley**
Spencer Fane
3040 Post Oak Blvd Suite 1400
77056
Houston, TX 77056

**Misty Ann Segura**
Spencer Fane, LLP
3040 Post Oak Blvd.
Ste 1400
Houston, TX 77056

**Rachael L. Smiley**
Ferguson Braswell Fraser Kubasta PC
2500 Dallas Parkway, Suite 600
Plano, TX 75093

**Linda D. Reece**
Perdue Brandon Fielder Collins & Mott LLP
1919 S. Shiloh Road,Suite 640, LB 40
Garland, TX 75042

**Sherrel K. Knighton**
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Avenue,Suite 800
Dallas, TX 75219

**Lynn Hamilton Butler**
Husch Blackwell LLP
111 Congress Avenue,Ste 1400
Austin, TX 78701

**Michael Paul Menton**
SettlePou
3333 Lee Parkway, Eighth Floor
Dallas, TX 75219